IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02377-GPG

NICHOLAS MOLINAPALMA,

      Plaintiff,

v.

PATRICIA HUGHES, in her official capacity as medical provider,
TINA CULLYFORD, in her official capacity as medical provider,
ALVIN MASSENBURG, in his official capacity as medical provider,
NICOLE BLATNICK, in her official capacity as medical provider, and
WILLIAM WISE, in his official capacity as medical provider.

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nicholas Molinapalma, is in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado.  He has filed *pro se* a Complaint (ECF No. 1), asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  Plaintiff has paid the $400.00 filing fee.

The Court must construe Plaintiff's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint, on the court-approved Prisoner Complaint form.

## I. The Complaint

Plaintiff alleges that Defendants have failed to provide him with adequate medical care in violation of his Eighth Amendment rights.  Specifically, he alleges that Defendants are aware that his knee condition is causing severe pain and requires a total knee replacement.  Plaintiff further alleges that "Defendants refuse to do anything for me as my condition only gets worse."  He seeks injunctive relief.

## II. Analysis

The Complaint is deficient because Plaintiff fails to allege specific facts to show each Defendant's personal participation in the alleged Eighth Amendment violation.

Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Plaintiff's conclusory allegations are insufficient to demonstrate that each named Defendant was personally involved in decisions concerning Plaintiff's medical care.

Furthermore, Plaintiff may not sue Defendants solely on the basis that they denied Plaintiff's grievances or ignored Plaintiff's correspondence complaining about the denial of adequate medical care. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Further, Plaintiff's allegations are too vague and conclusory to state a claim upon which relief can be granted. To state an arguable Eighth Amendment claim, Plaintiff must allege specific facts to show that each named Defendant acted with deliberate indifference to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To that end, Plaintiff must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.2007). Accordingly, it is

ORDERED that Plaintiff, Nicholas Molinapalma, file **within thirty (30) days from the date of this order,** an Amended Complaint, on the Court-approved Prisoner Complaint form, that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint on the Court-approved within the time allowed, some or all of this action may be dismissed without further notice.

DATED December 23, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge