IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–02377–WJM–KMT

NICHOLAS MOLINAPALMA,

    Plaintiff,

v.

TINA CULLYFORD, in her official capacity as medical provider,
ALVIN MASSENBURG, in his official capacity as medical provider,
NICOLE BLATNICK, in her official capacity as medical provider, and

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Defendants' Motion to Dismiss All Claims on Mootness Grounds." (Doc. No. 52 [Mot.], filed July 24, 2017.) Plaintiff did not file a response.

## STATEMENT OF THE CASE

    In his Complaint, Plaintiff alleges a single claim for denial of adequate medical care in violation of his Eighth Amendment rights while he was an inmate housed at Limon Correctional Facility ("LCF") in the Colorado Department of Corrections ("CDOC"). (Doc. No. 7 [Compl.] at 2, 4–5.) Plaintiff sues the defendants in their official capacities, seeking injunctive relief in the form of medical care for his knee. (*Id.* at 8.)

## STANDARDS OF REVIEW

A.  **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B.  *Subject Matter Jursidiction*

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994). Pursuant to Federal Rule of Civil

Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Mootness is an issue of subject matter jurisdiction. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011).

## ANALYSIS

Defendants seek to dismiss the claims against them on the basis of mootness because Plaintiff has been released on parole to the custody of Immigration and Customs Enforcement. (Mot. at 2–4; *see* Doc. No. 52-1, ¶¶ 3–4 & Ex. A.)

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)) (internal quotation marks and further citation omitted). A federal court may not render advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). A court's judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citation omitted). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). The party asserting mootness carries the "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to resume. *Id.*

A claim for injunctive relief is moot when (1) the issues presented are no longer "live," or (2) the parties lack a legally cognizable interest in the outcome. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)) (internal quotation marks and citation omitted). "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Randolph*, 170 F.3d at 856 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). With respect to a request for injunctive relief, the plaintiff's "susceptibility to continuing injury is of particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Jordan*, 654 F.3d at 1024 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Finally, the Tenth Circuit recognizes that a prisoner's claim for injunctive relief is moot if he or she is no longer subjected to the conditions complained of in the pleading. *Id.* at 1028 (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

Because Plaintiff is no longer in the custody of the CDOC, his claims for injunctive relief in the form of medical care for his knee are moot. Accordingly, Plaintiff's claims should be dismissed without prejudice for lack of subject matter jurisdiction.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendants' Motion to Dismiss All Claims on Mootness Grounds" (Doc. No. 52) be **GRANTED** and that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of November, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge